# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-7001**                              **September Term, 2022**

**1:22-cv-01334-TNM**

**Filed On: July 13, 2023**

Hdeel Abdelhady,

      Appellant

    v.

George Washington University, et al.,

      Appellees


    **BEFORE:**    Childs, Pan, and Garcia, Circuit Judges

## **O R D E R**

Upon consideration of the court's order to show cause filed on May 5, 2023, and the response thereto, it is

**ORDERED** that the order to show cause be discharged.  It is

**FURTHER ORDERED** that this appeal be dismissed for lack of jurisdiction.  The district court's order entered on November 29, 2022, and amended on November 30, 2022, is not a final, appealable decision under 28 U.S.C. § 1291.  The order did not dispose of all claims against all parties, and the district court did not direct entry of final judgment as to any party under Federal Rule of Civil Procedure 54(b).  Further, the district court's March 2023 order granting appellant's motion for voluntary dismissal without prejudice of her remaining claims did not render the November 2022 order final. See Blue v. District of Columbia Pub. Schs., 764 F.3d 11, 17–18 (D.C. Cir. 2014). Moreover, appellant has shown neither that the November 2022 order is appealable under the collateral-order doctrine, see Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106 (2009), nor that it is appealable under 28 U.S.C. § 1292(a)(1), see Salazar ex rel. Salazar v. District of Columbia, 671 F.3d 1258, 1261–62 (D.C. Cir. 2012).  We decline appellant's request to treat this appeal as a proceeding for a writ of mandamus because mandamus may not be used as a substitute for an appeal from a final judgment.  Doe v. Exxon Mobil Corp., 473 F.3d 345, 353 (D.C. Cir. 2007).

Finally, appellant fails to address this court's jurisdiction over the February 22, 2023 order denying her Rule 54(b) motion and the March 20, 2023 order granting her motion for voluntary dismissal without prejudice, despite having filed amended notices of appeal designating those orders.  And in her response to this court's order to show

cause, appellant defines the "Order on Appeal" as only the "Order [that] disposed of all claims in favor of GWU and PMA"—i.e., the November 2022 order.  See Appellant's Response at 7.  Consequently, appellant has forfeited any argument that this court has jurisdiction over the February and March 2023 orders.  See Al-Tamimi v. Adelson, 916 F.3d 1, 6 (D.C. Cir. 2019).  But even assuming appellant did intend to challenge those orders, the February 2023 order is not an appealable order because it denied her Rule 54(b) motion, leaving the district court with other matters to resolve, and the March 2023 order is not an appealable order under Blue, 764 F.3d at 17–18.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Laura M. Morgan
Deputy Clerk